Anthony C. APANOVITCH; Alfred J. Morales, Plaintiffs–Appellants,

v.

Reginald A. WILKINSON, et al., Defendants–Appellees.

No. 01–3558.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Anthony C. Apanovitch and Alfred J. Morales, Ohio prisoners proceeding pro se, appeal the district court order granting summary judgment to the defendants in this civil rights case brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Apanovitch, a death row inmate incarcerated at Mansfield Correctional Institution (Mansfield) for the rape and murder of Mary Anne Flynn, and Morales, on death row for kidnaping and murdering a twelve-year-old child, filed complaints against Ohio Department of Rehabilitation and Correction Director Reginald Wilkinson and several Mansfield officials. Apanovitch and Morales alleged that their conditions of confinement and the defendants' actions violated their constitutional rights. After a period of discovery, the defendants filed a motion for summary judgment and the prisoners filed a response. The district court granted the defendants' motion.

In their timely appeal, Apanovitch and Morales argue that: (1) the district court erred by not appointing new counsel after the first appointed counsel withdrew; (2) the conditions of confinement on death row constitute a second penalty in violation of

the Double Jeopardy Clause; (3) the defendants retaliated against them for filing the original complaint and for appealing their convictions; (4) the conditions of confinement on death row amount to punishment without due process of law; (5) the defendants were deliberately indifferent to Apanovitch's serious medical needs; and (6) respondeat superior does not insulate the defendants because they are directly responsible for the actions taken against the plaintiffs. The appellants also request the appointment of counsel on appeal.

Initially, we note that the plaintiffs argue that the district court erred by analyzing their claims as presented by their appointed counsel and not as presented in their final complaint. The principal difference in the approaches is that the prisoners characterize their allegations concerning the conditions of their confinement as evidence of retaliation rather than cruel and unusual punishment. Because we conclude that the plaintiffs lacked a constitutional claim in any event, we affirm the district court's decision to dismiss on grounds other than those relied upon by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994).

■ Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). The prisoners alleged that the defendants retaliated against them for appealing their convictions and because Apanovitch filed his complaint in district court. There are three elements for a First Amendment retaliation claim. A plaintiff must show that: (1) he engaged in protected conduct; (2) the defendants took an adverse action against him that would deter a person of ordinary firmness from engaging in the protected conduct; and (3) the defendants

were motivated, at least in part, to take the adverse action because of the plaintiff's protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999).

First, Apanovitch and Morales presented no evidence to substantiate their claim that the defendants retaliated against them because they appealed their convictions. The record establishes that there are different policies for death row inmates and inmates serving non-capital sentences. This treatment does not, however, depend on whether a death row inmate has appealed his conviction. Thus, Apanovitch and Morales did not show that the defendants took any adverse action against them because they filed appeals. *See Thaddeus–X*, 175 F.3d at 394.

■ Second, the plaintiffs did not raise a material issue of fact on their claim that the defendants retaliated against them for filing the lawsuit. Apanovitch and Morales were engaged in protected conduct because an inmate has a First Amendment right to file non-frivolous grievances against prison officials over the conditions of his confinement. *See Lewis v. Casey*, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Accepting as true the plaintiffs' allegations, the defendants were motivated to take adverse actions against the plaintiffs because of the original complaint Apanovitch filed. The plaintiffs did not show, however, that these adverse actions were enough to deter a person of ordinary firmness from engaging in protected conduct. The actions that the defendants allegedly took in response to the lawsuit may have made life more unpleasant for those on death row. They were not, however, so different from other inmates' conditions of confinement as to constitute cruel and unusual punishment or to act as a deterrent against filing lawsuits. The plaintiffs failed to present evidence on which a jury could reasonably

find that the defendants violated their First Amendment rights. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Third, we also conclude that the district court properly granted summary judgment to the defendants on Apanovitch's medical claim. Apanovitch alleged that the defendants were deliberately indifferent to his knee injury and back pain. His medical records show that the prison provided him with orthopaedic devices, prescribed pain killers, and ordered diagnostic tests. In essence, his claim amounts to a difference of opinion between him and the prison health care providers and a dispute over the adequacy of his treatment. This does not amount to an Eighth Amendment claim. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

■ Apanovitch's and Morales's Double Jeopardy Clause and Due Process arguments are without merit. The plaintiffs have presented no authority, and we know of none, supporting the proposition that harsh conditions on death row could constitute a second unlawful punishment for capital crimes. Moreover, the plaintiffs have no due process liberty interest in being confined in more hospitable surroundings. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano,* 427 U.S. 215, 224–25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

■ The plaintiffs' argument that the district court erred by denying their request for counsel is without merit. In view of the facts that the plaintiffs refused to accept their counsel's representation and their claims ultimately failed for lack of legal and factual support, the district court did not abuse its discretion when the court declined to appoint counsel a second

time. *See Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993).

Finally, the plaintiffs' argument that respondeat superior does not shield the defendants is without merit. Having concluded that the defendants did not commit any constitutional violations, we need not address whether they are directly or indirectly liable.

In conclusion, the conditions of confinement imposed upon the plaintiffs as death row inmates do not violate their constitutional rights, nor were the defendants deliberately indifferent to Apanovitch's serious medical needs. For the foregoing reasons, this court affirms the district court's order granting summary judgment to the defendants. Rule 34(j)(2)(C), Rules of the Sixth Circuit.