**Donald Ray VIOLETT, Plaintiff–Appellant.**

**v.**

**Laura REYNOLDS, Individually and in her official capacity; Larry Chandler, Individually and in his official capacity; Captain Meredith; Lt. Rudy Prell,**

**Individually and in his official capacity; Captain Greg Walker, Individually and in his official capacity, Defendants–Appellees.**

No. 02–6366.

United States Court of Appeals, Sixth Circuit.

Sept. 5, 2003.

Donald Ray Violett, Burgin, KY, pro se.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

### ORDER

Donald Ray Violett, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. He has filed a motion to supplement the record. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Violett initiated this action against multiple Kentucky Department of Corrections prison officials and employees complaining about events, which occurred while he was incarcerated at the Luther Luckett Correctional Complex ("LLCC") and the conditions of his current confinement at Northpoint Training Center ("NTC"). He asserts claims against two categories of defendants. The first involves claims brought against all defendants collectively, which include his claims of age discrimination when he was fired from his position as an inmate legal aide, retaliatory discharge as an inmate legal aide because he rebuffed defendant Laura Reynolds's offer of sexual favors, retaliatory transfer, denial of medical treatment, and unconstitutional conditions of confinement. The second category involves specific claims asserted against defendant Reynolds herself, which

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

involve her placing special rules on Violett as an inmate legal aide in retaliation for his filing grievances and witnessing her sexual misconduct with another employee. Violett also asserted a claim for intentional infliction of emotional distress under state law. Violett sought injunctive and monetary relief.

The district court dismissed the age discrimination (under the ADEA), retaliatory discharge, retaliatory transfer, deprivation of medical treatment, and unconstitutional conditions of confinement claims against all defendants because Violett did not exhaust his administrative remedies with respect to each of these claims. The court dismissed the claims against defendant Reynolds for failure to state a claim upon which relief may be granted. This appeal followed.

We review de novo the district court's dismissal of a civil rights action for failure to exhaust administrative remedies under 42 U.S.C. § 1997e. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001). Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies *before* filing a § 1983 action in federal court, *see Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. To show exhaustion, a prisoner/complainant should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Brown*, 139 F.3d at 1104.

▪ Violett failed to show that he exhausted his available remedies with respect to the age discrimination (under the ADEA), retaliatory discharge, retaliatory transfer, deprivation of medical treatment,

and unconstitutional conditions of confinement claims. He filed no grievances concerning the conditions of his confinement or lack of medical treatment at NTC. While he instituted an appeal of his transfer, he neither filed the requisite documentation to demonstrate exhaustion nor described specifically the administrative process and its outcome. Nor did he seek final review of the transfer by the Commissioner for the Department of Corrections. This same reasoning applies to Violett's claims of age discrimination and retaliatory discharge. To the extent that Violett claimed that he was discharged because he rebuffed defendant Reynolds' offer of sexual favors, this allegation is belied by the very grievances themselves. Not once during the appeal process did Violett allege that termination was premised on this basis. Because Violett failed to invoke the formal grievance mechanism offered by the Kentucky Department of Corrections for some claims and because he abandoned the process with respect to others, these claims were properly dismissed on exhaustion grounds.

We review de novo a district court's decision to dismiss under § 1915A(b)(1). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

Upon review, we conclude that the district court properly dismissed the retaliation claim against defendant Reynolds. To establish a claim of retaliation in a prison

context, a prisoner must show three elements: 1) that he engaged in protected conduct; 2) that an adverse action was taken against him which would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that there is a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *See Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). Filing grievances through the inmate grievance mechanism is protected conduct. *See Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000) (holding that an inmate has an "undisputed First Amendment right to file grievances against prison officials on his own behalf"). Violett has satisfied the first element of a retaliation claim.

█ The question then becomes whether the "special rule" to which Violett alludes would deter a person of ordinary firmness from continuing to engage in the protected conduct of filing grievances. Imposing different policies on a certain class of inmates does not constitute an adverse action. *See, e.g., Apanovitch v. Wilkinson,* No. 01–3558, 2002 WL 193919, at *2, 32 Fed.Appx. 704 (6th Cir. Feb. 5, 2002) (noting that the different policies may have "made life more unpleasant for [the plaintiff] but were not, however, so different from other inmates' conditions of confinement as to ... act as a deterrent against filing [grievances]"), *cert. denied,* 537 U.S. 1143, 123 S.Ct. 942, 154 L.Ed.2d 842 (2003). In this case, requiring Violett to submit his copy requests to a law clerk did not prevent Violett from filing another grievance contesting the "special rule." Thus, as defendant Reynolds's actions did not deter Violett from filing a grievance, the second prong of the *Thaddeus-X* test has not been satisfied. However, even assuming that Reynolds's actions could be construed as satisfying the second prong of *Thaddeus-X,* Violett has failed to show a causal connection between his grievance and the "special rule."

█ Upon further review, we conclude that the district court properly dismissed Violett's Eighth Amendment claim regarding Reynolds's alleged offer of sexual favors. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir.1987). Moreover, verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim. *Id.* at 955; *see also Johnson v. Ward,* No. 99–1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]."). As pointed out by the district court, offering sexual favors to an inmate may be reprehensible; however, it does not rise to the level of a constitutional violation and thus fails to state a claim upon which relief may be granted.

█ Finally, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over any supplemental state law claim. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, the motion to supplement the record is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.