**Walter Richard KYLE II,**
**Plaintiff–Appellant,**

v.

**Detective Lawrence PATTERSON, Officer Andrew Bell, Officer Porter, et al., Defendants–Appellees.**

No. 97–2873.

United States Court of Appeals, Seventh Circuit.

Submitted April 21, 1999[1]

Decided Nov. 10, 1999

---

1. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. *See* Fed. R.App.P. 34(a); Cir. R. 34(f).

Walter R. Kyle, II, Danville, IL, pro se.

Michael J. Marovich (argued), Buikema, Hiskes, Dillner, O'Donnell & Marovich, Orland Park, IL, for defendants–appellees.

Before COFFEY, ROVNER, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

This case raises one question: Is a person, held in police custody several hours (13 here to be exact) longer than permissible under the law, entitled to punitive damages against the law enforcement officers responsible for his illegal detention in the absence of evidence of evil motives or deliberate indifference? We say the answer is no, although our colleague, in a thoughtful dissent, takes a different view.

The law requires a "prompt" judicial determination of probable cause after a person is taken into custody. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). As a general matter, "prompt" in this context means within 48 hours. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). With that in mind, here are the facts in our case.

Curtis Jackson was shot to death during an argument on Page Street in Harvey, Illinois, during the afternoon of July 15, 1993. Witnesses identified a photo of Walter Kyle as the assailant, although they thought his name was Walter Wheat.

Kyle was arrested by Harvey police officers without a warrant around 6 p.m. on Monday, July 19. The next day, the police reported Kyle's arrest to the Cook County state's attorney's office. Murder charges were approved, but not until Wednesday, July 21, at 5:30 p.m., which was too late in the day to bring Kyle before a judge. Kyle was taken to court for a hearing the next morning, and he saw a judge around 10:30 a.m. Probable cause was found, bail was set, and Kyle, who never made bail, stayed in custody until he eventually pleaded guilty to felony charges growing out of the shooting. He was sentenced to a 21–year prison term, which he is now serving.

So we know the law provides that a person arrested without a warrant must be brought before a judicial officer for a hearing (sometimes called a bond, detention, or probable cause hearing) within 48 hours. There are certain exceptions to this general rule, but none are applicable here. In the context of a criminal case, which is where an issue of unreasonable detention usually arises, the remedy for a violation of

the failure to provide a prompt hearing is usually the suppression of any statements the accused gives to police after the time expires and before the first appearance in court. But there is no issue of suppressing evidence or anything of that sort here for this is a civil action under 42 U.S.C. § 1983 by Kyle seeking damages against the police for the extra time he was held in custody before he was brought to court.

■ The district court considered summary judgment issues and found in Kyle's favor. Kyle went to court at the 61–hour mark, 13 hours after the 48–hour clock expired. The City of Harvey police defendants offered what appears to be a reasonable explanation for the delay, but the judge thought there was at least a technical violation and that a judgment on the point for Kyle was appropriate. But the damages were nonexistent. So the judge awarded $1 to Kyle as nominal damages plus costs. The judge did so because nominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury. *See Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). On appeal, Kyle does not directly dispute the award of nominal damages, nor do the defendants dispute their liability. Instead, Kyle argues that the judge should have tacked on punitive damages as well.

The defendants claimed that they detained Kyle more than 48 hours because they were waiting for the Cook County prosecutor to approve and prepare murder charges. This apparently was true but, according to the district court, the violation of the 48–hour rule could not be excused. The court did, however, determine that Kyle failed to show that his detention resulted in actual injury. On this basis the court proposed entering judgment in favor of Kyle but awarding only nominal damages. Kyle submitted a response attributing his extra detention time to what he dubbed an "improper quality of purposefulness" and asserting that the defen-

dants were unconcerned with "taking the necessary administrative steps incident to arrest." The extra time in custody, he said, left him "uncomfortable, frightened, confused, and humiliated" (we can only assume that being charged with murder engenders similar feelings) and that significant damages should be awarded in his favor. The defendants did not respond. The district court rejected Kyle's argument and entered judgment consistent with its previous findings: Kyle got a finding in his favor and a one dollar judgment for compensatory damages (plus court costs) and that's all.

■ Kyle argues on appeal that he is entitled to punitive damages as a matter of law because the general right to a probable cause determination within 48 hours is so clearly established that the delay in bringing him to court must have been the product of reckless indifference to his constitutional rights. The defendants argue that Kyle waived the opportunity to argue for punitive damages because he did not raise the issue in the district court. This defense claim, however, can't get far because it is well-settled law in this circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. Rather, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir.1988). In his complaint Kyle sought $1 million in "monetary relief." Kyle's prayer for "monetary relief" can reasonably be viewed as covering punitive damages to which he might be entitled.

■ Nonetheless, "[p]unitive damages are never awarded as a matter of right; the finder of fact, after reviewing the entire record, is called upon to make a 'moral judgment' that the unlawful conduct warrants such an award to punish the wrongdoer and deter others." *Merriweather v. Family Dollar Stores of Indiana*, 103 F.3d 576, 582 (7th Cir.1996). Punitive damages are available in § 1983 cases only upon a

showing of "evil motive or intent, or ... reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). *See also Sahagian v. Dickey,* 827 F.2d 90, 100 (7th Cir.1987) (punitive damages are available even without actual loss upon a showing of aggravating circumstances, malicious intent, or conduct involving reckless or callous indifference to a plaintiff's rights). While evaluations of motive and intent are generally inappropriate on a motion for summary judgment, *see Bartman v. Allis–Chalmers Corp.,* 799 F.2d 311, 312 (7th Cir.1986), we have recognized an exception to this rule where a plaintiff fails to produce evidence raising a material question of fact regarding aggravating circumstances or the reckless or callous nature of the defendant's actions. *See Sahagian,* 827 F.2d at 100 n. 8.

■ In this case there is no genuine issue of material fact as to the defendants' motives or intent. The police defendants arrested Kyle on very serious charges supported by probable cause. They called the prosecutor's office the next day and asked for charges. For unknown reasons the state's attorney did not charge Kyle until late in the afternoon following his first contact with the police. Although the defendants missed the 48–hour deadline, we see absolutely nothing about the circumstances here which comes close to showing evil motive or the level of deliberate indifference necessary to support an award of punitive damages. *See Smith and Iacobucci v. Boulter,* 193 F.3d 14 (1st Cir. 1999). The district court analyzed the conduct of the defendants and their reasons for holding Kyle an extra 13 hours before taking him to a court and found not a scintilla of evidence suggesting evil motive on the part of the police defendants to deprive Kyle of his constitutional rights. At the very most, the police here were negligent in not keeping their eyes on the clock while Kyle was detained. Much more than mere negligence is required,

however, before punitive damages may be awarded.

The judgment of the district court is AFFIRMED.

ILANA DIAMOND ROVNER, Circuit Judge, dissenting.

I respectfully dissent because I believe the district court erred in holding that Kyle was not entitled to punitive damages as a matter of law. At the time the police decided to hold him more than 48 hours without a warrant and without a probable cause hearing, they may well have suspected he was the murderer they sought. And hindsight tells us they were correct. None of this, however, excuses their conduct in holding Kyle beyond the limits clearly defined by the Supreme Court, if they were aware (as surely they must have been) of their obligation to release him after 48 hours. On this record, we know only that the police claim to have held Kyle longer than permitted because the prosecutor's office did not prepare charges quickly enough. Indeed, the district court found this excuse unacceptable and found that Kyle's extended detention violated the Constitution.

In *Gerstein v. Pugh,* the Supreme Court held that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest," and that this determination must be either before or "promptly after" arrest. 420 U.S. 103, 114, 125, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The Court then took up the meaning of "prompt" in *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). As a general matter, the Court determined, judicial determinations made within 48 hours of arrest would comport with the requirements of *Gerstein,* and a person wishing to challenge the reasonableness of the delay would bear the burden of proof. The Court also held that when an arrested person does not receive a probable cause determination within 48 hours, the "burden

shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." 500 U.S. at 56–57, 111 S.Ct. 1661. The district court here found that the government offered no evidence of emergency or extraordinary circumstances justifying the delay, and that the delay was therefore unconstitutional.

Police officers are not allowed to shift the blame for an illegal detention to the prosecutor. If they acted with deliberateness, recklessness or callous indifference to Kyle's rights, they may be liable for punitive damages. Here, they are admitting they acted deliberately, albeit with a good motive—to keep a suspected murderer behind bars. The majority concludes that the police were at most "negligent in not keeping their eyes on the clock while Kyle was detained." But that is a fact question which requires a hearing, and is not appropriate for resolution on summary judgment. I agree that Kyle is not a very sympathetic plaintiff, and a judge or jury may well decide not to punish the officers' conduct. But the majority's decision today is made on summary judgment, and this ruling could affect a minor offender who is released on his own recognizance after 61 hours of confinement as much as it affects Kyle. After all, the police conduct is the same in each instance. The majority's ruling fails to deter police misconduct in cases where an innocent person or a person facing minor charges is being held. I would therefore remand for proceedings on the question of punitive damages.