# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 98-2894

TYRONE CALHOUN,

*Plaintiff-Appellant*,

*v.*

GEORGE E. DETELLA, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 1987—**Suzanne B. Conlon**, *Judge.*

ARGUED SEPTEMBER 13, 2001—DECIDED FEBRUARY 13, 2003

Before RIPPLE, ROVNER, and EVANS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Illinois prisoner Tyrone Calhoun sued under 42 U.S.C. § 1983, alleging in relevant part that prison employees at the Stateville Correctional Center conducted a deliberately harassing strip search in front of female guards that constituted cruel and unusual punishment under the Eighth Amendment. Relying on 28 U.S.C. § 1915A, the district court *sua sponte* dismissed Calhoun's complaint prior to service for failure to state a claim upon which relief may be granted. Calhoun appeals, and we vacate the dismissal of his Eighth Amendment claims and remand for further proceedings.

According to his amended complaint, prison guards removed Calhoun from his cell and escorted him from the

prison's segregation unit to an open telephone area of the day room to conduct a strip search. When they reached the day room, Calhoun pleaded for the guards to take him to a more private area, but the guards ordered him to strip directly in front of several female guards who had no official role in conducting the search. Calhoun contends that he was forced to remove his clothing even after informing the guards that such a search, absent emergency circumstances, would violate the federal constitution, state law, and prison regulations. Further, he alleges that during the search the male and female officers laughed at him, made "sexual ribald comments," forced him to perform "provocative acts," and "pointed their sticks towards his anal area" while he bent over and spread his buttocks to permit visual inspection for contraband. Moreover, Calhoun contends, then-warden George DeTella and an assistant warden observed the search but took no corrective action. Finally, Calhoun alleges that the search constituted "sexual harassment," and that after his "traumatic experience" he sought psychological treatment, but did not receive the help he needed. He requested compensatory and punitive damages and injunctive and declaratory relief, as well as "such other relief as it may appear plaintiff is entitled."

In screening and dismissing the amended complaint under 28 U.S.C. § 1915A, the district court reasoned that Calhoun's suit was precluded by 42 U.S.C. § 1997e(e) because he alleges only psychological, and not physical injury. Calhoun timely moved to alter or amend the judgment, pointing out that § 1997e(e) does not foreclose injunctive and declaratory relief. *See Zehner v. Trigg*, 133 F.3d 459, 462-63 (7th Cir. 1997); *Davis v. Dist. of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998). The district court denied the motion, concluding that the amended complaint did not allege grounds for either injunctive or declaratory relief. Calhoun appealed, and we appointed counsel to represent him.

In his amended complaint Calhoun asserts that the strip search violated Illinois law and various constitutional guarantees, but on appeal he pursues only the Eighth Amendment claim and has thus abandoned the others. *See Duncan v. Wis. Dep't of Health & Family Servs.*, 166 F.3d 930, 934 (7th Cir. 1999). He argues that the allegations in his amended complaint state a viable Eighth Amendment claim, and that even absent physical injury § 1997e(e) does not preclude him from recovering nominal and punitive damages for the constitutional violation. He concedes, however, that § 1997e(e) bars his recovery of compensatory damages for mental and emotional harm, and that his claims for declaratory and injunctive relief are now moot because he was transferred from Stateville to the Pontiac Correctional Facility during the pendency of this appeal. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

We review dismissals under § 1915A for failure to state a claim *de novo*, viewing all allegations in the complaint as true and in the light most favorable to the plaintiff. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). With this standard in mind, we must first determine whether Calhoun's allegations, that prison guards purposefully demeaned and sexually harassed him while strip searching him in front of female officers, are sufficient to state a claim of cruel and unusual punishment under the Eighth Amendment.

There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation. For example, the strip search of a male prisoner in front of female officers, if conducted for a legitimate penological purpose, would fail to rise to the level of an Eighth Amendment violation. *See Johnson v. Phelan*, 69 F.3d 144, 150-51 (7th Cir. 1995). Instead, the Eighth Amendment prohibits unnecessary and wanton

infliction of pain, thus forbidding punishment that is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976). Such gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment. *See Hudson v. McMillan*, 503 U.S. 1, 9 (1992). Moreover, physical injury need not result for the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited. *See id.* at 16 (Blackmun, J., concurring); *Delaney v. DeTella*, 256 F.3d 679, 685 (7th Cir. 2001); *Babcock v. White*, 102 F.3d 267, 273 (7th Cir. 1996). Accordingly, to state an Eighth Amendment claim Calhoun must show that the strip search in question was not merely a legitimate search conducted in the presence of female correctional officers, but instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain. *See Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998); *Johnson*, 69 F.3d at 147.

The Attorney General of Illinois, who appears as *amicus curiae* in support of the defendants, urges us to conclude that Calhoun failed to state a claim because, although he objected to the manner in which the guards conducted the search, he never explicitly alleged that the guards searched him for an illegitimate purpose. But the Federal Rules provide a liberal system of notice pleading, *see* Fed. R. Civ. P. 8, and Calhoun's complaint includes enough to give the defendants fair notice of his Eighth Amendment claim and the grounds upon which his claim rests. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993); *Payton v. Kane County*, 308 F.3d 673, 676 (7th Cir. 2002). Calhoun alleges that the officers sexually harassed him through behavior unrelated to legitimate prison needs. In particular, he alleges that the guards made "ribald comments" and

sexually explicit gestures during the search, and that they forced him to perform sexually provocative acts. Furthermore, he alleges that the female guards present during the search were neither mere passersby nor performing the legitimate penological function of conducting or monitoring the search; they were instead invited spectators. These allegations, if true, can only lead to the conclusion that the prison guards conducted the strip search in a manner designed to demean and humiliate Calhoun, and we therefore conclude that he sufficiently states a claim under the Eighth Amendment. *See Johnson*, 69 F.3d at 147.

Because Calhoun does not claim to have suffered a physical injury, we must next consider whether § 1997e(e) precludes his suit altogether by barring him from seeking recovery of nominal and punitive damages for the alleged Eighth Amendment violation. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Attorney General argues that a plain reading of § 1997e(e) bars Calhoun's suit entirely, reasoning that the statute makes a showing of physical injury a filing prerequisite for every civil rights lawsuit involving mental or emotional injury. We cannot agree. This contention if taken to its logical extreme would give prison officials free reign to maliciously and sadistically inflict psychological torture on prisoners, so long as they take care not to inflict any physical injury in the process.

Clearly this argument sweeps too broadly, and there is no longer room for the position the Attorney General espouses. As we have observed before and reemphasize here, "[i]t would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits." *Robinson v. Page*, 170 F.3d 747,

748 (7th Cir. 1999). On several occasions we have explained that § 1997e(e) may limit the relief available to prisoners who cannot allege a physical injury, but it does not bar their lawsuits altogether. *See Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 376-77 (7th Cir. 2000) (damages for mental and emotional injuries barred, but prisoner may pursue all other claims for damages); *Zehner*, 133 F.3d at 462 (injunctive relief available). As its title suggests, § 1997e(e) is a "limitation on recovery." Accordingly, physical injury is merely a predicate for an award of damages for mental or emotional injury, not a filing prerequisite for the federal civil action itself. *See Robinson*, 170 F.3d at 749.

We agree that, absent a showing of physical injury, § 1997e(e) would bar a prisoner's recovery of compensatory damages for mental and emotional injury. *See Cassidy*, 199 F.3d at 376. But if that same prisoner alleges some other type of non-physical injury, the statute would not foreclose recovery, assuming that the damages sought were not "for" any mental or emotional injuries suffered. *See id.*; *Robinson*, 170 F.3d at 749. This view is not novel. Indeed, in the context of First Amendment claims, we have held explicitly that prisoners need not allege a physical injury to recover damages because the deprivation of the constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury. *Rowe v. Shake*, 196 F.3d 778, 781-82 (7th Cir. 1999); *see also Searles v. Van Bebber*, 251 F.3d 869, 879-81 (10th Cir. 2001) (nominal and punitive damages for First Amendment violation not barred); *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir. 2000) (same); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (any form of relief for First Amendment violations available, if not for mental or emotional injury). Using a similar rationale, several of our sister circuits have concluded that § 1997e(e) does not bar all recovery for violations of due process or the right to pri-

vacy. *See Thompson v. Carter,* 284 F.3d 411, 418 (2d Cir. 2002) (nominal and punitive damages available for deprivation-of-property claim); *Oliver v. Keller,* 289 F.3d 623, 630 (9th Cir. 2002) (compensatory, nominal, or punitive damages available if premised on alleged unconstitutional conditions of pretrial confinement, and not emotional or mental distress suffered); *Doe v. Delie,* 257 F.3d 309, 314 n.3 & 323 (3d Cir. 2001) (nominal and punitive damages available for violation of inmates' newly recognized right to medical privacy); *but cf. Harris v. Garner,* 190 F.3d 1279, 1282, 1287-88 & n.9 (§ 1997e(e) precludes compensatory and punitive damages for alleged violations of Fourth, Eighth, and Fourteenth Amendments, but expressing no view on nominal damages), *vacated & reh'g en banc granted,* 197 F.3d 1059 (11th Cir. 1999), *reinstated in pertinent part,* 216 F.3d 970 (11th Cir. 2000); *Davis,* 158 F.3d at 1348-49 (compensatory and punitive damages for violations of constitutional right to privacy barred, but expressing no view on nominal damages). These decisions reflect an emerging view that § 1997e(e), as the plain language of the statute would suggest, limits recovery "for mental and emotional injury," but leaves unaffected claims for nominal and punitive damages, which seek to remedy a different type of injury. *See Robinson,* 170 F.3d at 748.

We believe that the same reasoning effectively answers the question posed here, namely, whether § 1997e(e) forecloses an action for nominal or punitive damages for an Eighth Amendment violation involving no physical injury. Just as a "deprivation of First Amendment rights standing alone is a cognizable injury," *Rowe,* 196 F.3d at 781, so too is the violation of a person's right to be free from cruel and unusual punishment, *see Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) (claim of Eighth Amendment violation "is distinct from" any claim to entitlement for compensation for resulting mental or emotional dam-

ages). Although § 1997e(e) would bar recovery of compensatory damages "for" mental and emotional injuries suffered, the statute is inapplicable to awards of nominal or punitive damages for the Eighth Amendment violation itself.

This conclusion readily follows from the fact that nominal damages "are not compensation for loss or injury, but rather recognition of a violation of rights." *Redding v. Fairman*, 717 F.2d 1105, 1119 (7th Cir. 1983); *see Sahagian v. Dickey*, 827 F.2d 90, 100 (7th Cir. 1987). The Attorney General, relying on an isolated statement in *Babcock*, 102 F.3d at 271, argues that an award of nominal damages for Eighth Amendment violations would be inappropriate because the constitutional guarantee against cruel and unusual punishment, unlike the right to procedural due process, is not an "absolute" right. *Cf. Carey v. Piphus*, 435 U.S. 247, 266 (1978) (because right to procedural due process is "absolute," nominal damages are available for denial of right even absent actual injury). But *Babcock's* comment about nominal damages was *dicta* because the appellant never argued that their availability could salvage his claim, *see Babcock*, 102 F.3d at 273, and because he did not the panel had no occasion to explore our prior opinions on the subject. We long ago decided that, at a minimum, a plaintiff who proves a constitutional violation is entitled to nominal damages. *See Hessel v. O'Hearn*, 977 F.2d 299, 302 (7th Cir. 1992); *Ustrak v. Fairman*, 781 F.2d 573, 578 (7th Cir. 1986). In particular, we have approved the award of nominal damages for Eighth Amendment violations when prisoners could not establish actual compensable harm. *See Madison County Jail Inmates v. Thompson*, 773 F.2d 834, 844 (7th Cir. 1985); *see also Briggs v. Marshall*, 93 F.3d 355, 360 (7th Cir. 1996) (nominal damages available to remedy Fourth Amendment excessive force claim). Moreover, we note that several of our sister circuits have expressed similar approval of

nominal damage awards for Eighth Amendment claims. *See, e.g., Gibeau v. Nellis*, 18 F.3d 107, 110-11 (2d Cir. 1994); *Butler v. Dowd*, 979 F.2d 661, 672 (8th Cir. 1992) (en banc); *Beyah v. Coughlin*, 789 F.2d 986, 989 (2d Cir. 1986); *Green v. McKaskle*, 788 F.2d 1116, 1124 (5th Cir. 1986); *Lancaster v. Rodriguez*, 701 F.2d 864, 866 (10th Cir. 1983); *Doe v. Dist. of Columbia*, 697 F.2d 1115, 1122-23 (D.C. Cir. 1983); *see also Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000) (approving of nominal damage award in excessive force case). Because nominal damages are awarded to vindicate rights, not to compensate for resulting injuries, we hold that § 1997e(e) does not bar a suit seeking nominal damages to vindicate Eighth Amendment rights. *See Thompson*, 284 F.3d at 418 (holding that § 1997e(e) does not limit availability of nominal damages for Eighth Amendment violations); *see also Benefield v. McDowall*, 241 F.3d 1267, 1272 n.3 (10th Cir. 2001) (suggesting without deciding that § 1997e(e) does not bar nominal damages for Eighth Amendment claims); *Cassidy*, 199 F.3d at 376-77, *aff'g* 59 F. Supp. 2d 787 (S.D. Ind. 1999) (claims for damages for mental and emotional injury barred, but all other claims for damages for violation of right to be free from disability-based discrimination available, including nominal damages).

For similar reasons we believe that § 1997e(e) does not preclude claims for punitive damages for violations of the Eighth Amendment. *See Thompson*, 284 F.3d at 418 (punitive damages for Eighth Amendment violations not barred); *see also Benefield*, 241 F.3d at 1272 n.3 (suggesting without deciding that punitive damages for Eighth Amendment claims not barred); *Oliver*, 289 F.3d at 630 (punitive damages for constitutional violation not barred); *Doe,* 257 F.3d at 314 n.3 (same); *Searles*, 251 F.3d at 881 (same); *Allah*, 226 F.3d at 251-52 (same); *but see Harris*, 190 F.3d at 1286-87 (punitive damages barred); *Davis*, 158 F.3d at 1348 (same). Punitive damages are awarded to

punish and deter reprehensible conduct. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986); *Kemezy v. Peters*, 79 F.3d 33, 34 (7th Cir. 1996). And in *Smith v. Wade,* itself an Eighth Amendment case, the Supreme Court established that punitive damages may be awarded under § 1983 upon a showing of "evil motive or intent, or . . . reckless or callous indifference to the federally protected rights of others." 461 U.S. 30, 56 (1983); *see Kyle v. Patterson*, 196 F.3d 695, 697-98 (7th Cir. 1999). Moreover, nothing prevents an award of punitive damages for constitutional violations when compensatory damages are not available. *See Erwin v. Manitowoc County*, 872 F.2d 1292, 1299 (7th Cir. 1989); *Sahagian*, 827 F.2d at 100. Because punitive damages are designed to punish and deter wrongdoers for deprivations of constitutional rights, they are not compensation "for" emotional and mental injury. *See Stachura*, 477 U.S. at 306. We therefore conclude that Calhoun may pursue his claims for punitive damages as well.

Finally, the Attorney General argues that, even if nominal and punitive damages are not barred by § 1997e(e), Calhoun does not expressly request nominal damages in his amended complaint, and therefore that prayer for relief was never before the district court. But pleadings filed by *pro se* litigants are to be construed liberally. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Although Calhoun does not specifically request nominal damages—as he did compensatory and punitive damages and injunctive and declaratory relief—his amended complaint contains a prayer for "such other relief as it may appear plaintiff is entitled." Moreover, Calhoun's brief on appeal makes clear that he is seeking nominal damages. Under these circumstances, Calhoun's prayer for "such other relief" can be reasonably viewed as a request for nominal damages. *See Kyle*, 196 F.3d at 697 (liberally construing *pro se* prayer for $1 million in "monetary relief" as a request for punitive damages).

For the foregoing reasons, we VACATE the dismissal of Calhoun's amended complaint insofar as it alleges an Eighth Amendment violation, and REMAND for further proceedings on that claim. In all other respects, the judgment of the district court is AFFIRMED. In light of this decision, the district court erred when it concluded that Calhoun had incurred one strike under 28 U.S.C § 1915(g).

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*
