**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1375

JOHN TOOLIN,

Plaintiff, Appellant,

v.

STEVE WHITE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

John Toolin on brief pro se.

March 18, 2004

**Per Curiam**. Pro se plaintiff-appellant John Toolin, a prisoner, appeals from the district court's sua sponte dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915A(b)(1). We review the dismissal of Toolin's complaint de novo, accepting all of the well-pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003); see Soto-Negron v. Taber Partners I, 339 F.3d 35, 38 (1st Cir. 2003). We have reviewed Toolin's brief and the record on appeal. We affirm the dismissal of Toolin's complaint, but on a basis different from the district court.

In his complaint, Toolin alleges that he was deprived of additional, discretionary "administrative days" which would have shortened the length of his sentence.[1] The district court said that Toolin's claims are not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994), because they would imply the invalidity of the sentence--a position supported by Heck's extension in Edwards v. Balisok, 520 U.S. 641 (1997), to cover disciplinary determinations that affect the length of a sentence.

There is some division of views as to whether the Heck and Edwards bar applies after release of the prisoner, when habeas is no longer available. But Toolin does not argue this point and

_____

[1]Toolin is currently incarcerated, apparently for an unrelated case.

-2-

we see no reason to address it since, in any event, the complaint does not allege deprivation of a constitutional right. The materials that Toolin has himself submitted show that the credits sought were discretionary and, in the absence of a specific unconstitutional motive, there is no due process violation. Cf. Olsen v. Correiro, 189 F.3d 52, 66 n.16 (1st Cir. 1999) (noting that, to prevail in § 1983 suit, plaintiff must establish that defendants deprived him of constitutional right).

The judgment of the district court is summarily affirmed on this alternative basis. See 1st Cir. R. 27(c).