Anthony D. TURNER, Plaintiff,

v.

Peter HUIBREGTSE, Derrick Esser, and SGT. Mickelson, Defendants.

No. 05–C–508–C.

United States District Court, W.D. Wisconsin.

March 22, 2006.

**1150**

Anthony D. Turner, pro se.

Corey F. Finkelmeyer, Assistant Attorney General, Madison, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action for injunctive, declaratory and monetary relief, plaintiff Anthony D. Turner contends that defendants violated his rights under the Eighth Amendment when defendant Mickelson sexually assaulted plaintiff during a pat search and defendants Esser and Huibregtse failed to prevent the sexual assault.

This case is before the court on defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), which was filed on November 30, 2005. On February 10, 2006, I issued an order instructing plaintiff to advise the court whether he intended to oppose defendants' motion to dismiss and remained interested in prosecuting this case. Plaintiff has now filed an objection to defendants' motion to dismiss and indicated that he intends to prosecute the case.

A motion to dismiss brought under Fed. R.Civ.P. 12(b)(6) will be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Cook v. Winfrey,* 141 F.3d 322, 327 (7th Cir.1998) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). For the purpose of deciding defendants' motion, I accept as true the factual allegations in plaintiff's complaint.

## FACTUAL ALLEGATIONS

Plaintiff Anthony D. Turner is a Wisconsin state inmate housed at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. Defendant Peter Huibregtse is deputy warden at the Wisconsin Secure Program Facility and defendants Derrick Esser and Sargent Mickelson are correctional officers at the Wisconsin Secure Program Facility.

At approximately 6:25 p.m. on April 4, 2005, plaintiff was moved to a different cell within the facility by defendants Mickelson and Esser and a third, unknown individual. There was no security reason for moving

plaintiff. Before the officers transferred him, defendant Esser shackled and held plaintiff so that he could not move. Defendant Mickelson conducted a pat down starting from plaintiff's shoulders. During the pat down defendant Mickelson grabbed plaintiff's buttocks and penis and as he fondled plaintiff's penis he asked, "What is this?" Defendant Esser laughed while defendant Mickelson assaulted plaintiff. Plaintiff felt humiliated by the assault.

After the sexual assault by defendant Mickelson, plaintiff was moved to the new cell.

Plaintiff never caused or permitted sexual contact by defendant Mickelson.

Defendant Huibregtse knew about the pattern of sexual assaults on prisoners by prison staff. However, defendant Huibregtse ignored "long-standing well-documented sexual assaults by staff" that were known to prison officials and the Grant County Sheriff's Department.

## DISCUSSION

### A. *Administrative Exhaustion*

An inmate must exhaust administrative remedies before filing a lawsuit pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Massey v. Helman,* 196 F.3d 727 (7th Cir. 1999); *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532 (7th Cir.1999). Plaintiff concedes that he did not exhaust his administrative remedies pertaining to his claim against defendant Huibregtse. Therefore, I will grant defendants' motion to dismiss plaintiff's claim against defendant Huibregtse.

### B. *Eighth Amendment*

■ In an order dated October 24, 2005, I granted plaintiff leave to proceed on his claims that his rights under the Eighth Amendment were violated when defendant Mickelson sexually assaulted him and when defendant Esser failed to prevent defendant Mickelson from sexually assault-

ing him. In granting plaintiff leave to proceed on these two claims I concluded that he had stated a claim against defendants Esser and Mickelson. Nothing in defendants' brief in support of their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) persuades me that I erred when I concluded that plaintiff has alleged sufficient facts to state a claim against defendants Esser and Mickelson. Defendants argue that the Eighth Amendment prohibits only "*serious* sexual abuse by prison officials" and that what plaintiff has alleged does not "constitute[ ] a sufficiently serious harm." Dft.'s Br., dkt. # 11 at 9. However, defendants concede that bodily searches are unconstitutional when they amount to " 'calculated harassment unrelated to prison needs.' " *Id.* (quoting *Whitman v. Nesic,* 368 F.3d 931, 934 (7th Cir.2004). Plaintiff has alleged sufficient facts to establish a claim that the search defendants subjected him to amounted to calculated harassment unrelated to prison needs.

■ The Court of Appeals for the Seventh Circuit has held that a search of a prisoner may violate the Eighth Amendment. *Calhoun v. DeTella,* 319 F.3d 936 (7th Cir.2003). In assessing whether a search of a prisoner's person violates the Eighth Amendment, the court of appeals has applied a standard similar to that of excessive force. In other words, a plaintiff must show that the search was "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun,* 319 F.3d at 939. Prison officials are certainly permitted to touch, pat down and search a prisoner in order to determine whether the prisoner is hiding anything dangerous in his person. *Whitman v. Nesic,* 368 F.3d 931, 934 (7th Cir.2004). However, grabbing a prisoner's buttocks and fondling his penis do not advance any legitimate security interest. Plaintiff has

alleged sufficient facts to state a claim that defendant Mickelson searched him in a harassing manner intended to humiliate and inflict psychological pain.

■ Also, as I explained in the October 24 order, a state actor may be liable for failing to prevent another state actor from committing a constitutional violation if he or she " 'had a realistic opportunity to intervene to prevent the harm from occurring.' " *Windle v. City of Marion, Indiana,* 321 F.3d 658, 663 (7th Cir.2003) (quoting *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir.1994)). Plaintiff has alleged that defendant Esser held him and laughed while defendant Mickelson assaulted him; this is sufficient to state a claim against defendant Esser.

Plaintiff should be aware, however, that just because his allegations are sufficient at this early stage of the lawsuit does not mean he will ultimately prevail on the claims. To prevail against defendant Mickelson, plaintiff will have to prove that defendant Mickelson touched him in way that actually entailed *grabbing* his buttocks and *fondling* his penis. (To prevail against defendant Esser, plaintiff will have to show that the search was unconstitutional and that defendant Esser had the ability to prevent defendant Mickelson's actions but failed to do so.) The fact that a prison official handled an inmate's buttocks and penis during a search does not by itself allow an inference to be drawn that the touching was unconstitutional. Any manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Plaintiff will have to prove that the touching of his genitals entailed inappropriate grabbing and fondling rather than the touching requisite to search.

### C. *Qualified Immunity*

■ Defendants Mickelson and Esser contend that they are entitled to qualified immunity because their conduct in the course of plaintiff's search did not violate any of plaintiff's clearly established constitutional rights. In *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court held that public officials are entitled to immunity from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." In *Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citing *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)), the Supreme Court stated that:

> the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.

The Supreme Court went on to explain that "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151 (citing *Wilson v. Layne,* 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)).

According to defendants, "while it is clearly established that the Eighth Amendment prohibits *serious* sexual abuse by prison officials, it is not clearly established that fondling an inmate's genitals during a pat search constitutes a sufficiently serious harm to form the basis of an Eighth Amendment claim." Dft.'s Br., dkt. # 11 at 9. I disagree. When defendants Mickelson and Esser engaged in the pat search, it was clearly established that an otherwise legal search that is "conducted in a harassing manner intended to humiliate and in-

flict psychological pain" is unconstitutional. *Calhoun,* 319 F.3d at 939. In *Calhoun,* the inmate alleged that in the course of a search, prison guards had "made 'sexual ribald comments,' forced him to perform 'provocative acts,' and 'pointed their sticks towards his anal area' while he bent over." *Id.* at 938. The court concluded that "[t]hese allegations, if true, can only lead to the conclusion that the prison guards conducted the strip search in a manner designed to demean and humiliate [the inmate], and we therefore conclude that he sufficiently states a claim under the Eighth Amendment." *Id.* at 939. In light of the court's holding in *Calhoun,* it would have been clear to any reasonable officer in defendant Mickelson and Esser's situation that a search that involved grabbing and fondling an inmate's genitals while laughing and asking "What is this?" was designed to demean and humiliate the inmate and would violate the Eighth Amendment. I conclude that plaintiff's claims against defendants Mickelson and Esser are not barred by the doctrine of qualified immunity. Accordingly, I will deny defendants' motion to dismiss plaintiff's claims against defendants Mickelson and Esser.

### D. *Damages*

 In their motion to dismiss, defendants correctly point out that in order for plaintiff to recover compensatory damages for the humiliation he allegedly suffered as a result of the alleged assault he will have to prove that the assault also caused him physical injury. *See, e.g., Calhoun,* 319 F.3d at 936. However, defendants' argument that the court should bar plaintiff's claim for compensatory damages is premature. A plaintiff is not expected to litigate his entire case in his complaint; he is only expected to put defendants on notice about his claim. If, ultimately, plaintiff shows that he was sexually assaulted during his search but fails to show that he suffered physical injury, he will not be entitled to compensatory damages but may be enti-

tled to other forms of recovery, such as nominal and punitive damages.

### ORDER

IT IS ORDERED that defendants Peter Huibregtse, Derrick Esser and Sgt. Mickelson's motion to dismiss is GRANTED as to plaintiff Anthony D. Turner's claim against defendant Huibregtse and DENIED as to plaintiff's claims that defendant Mickelson sexually assaulted him during a pat search and that defendant Esser failed to prevent the sexual assault.