**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2017[*]
Decided May 30, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3240

| | |
|---|---|
| ALVIN T. PERKINS, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 3564 |
| BRIAN GIVENS, *et al.*, *Defendants-Appellees*. | Gary Feinerman, *Judge*. |

**O R D E R**

Alvin Perkins, an Illinois prisoner, appeals the dismissal of his suit under 42 U.S.C. § 1983 for failure to state a claim. Perkins alleges that when he alerted a prison

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

official to the danger posed by his cellmate, the official violated the Eighth Amendment by offering protection in the form of disciplinary segregation. Under our recent decision in *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015), Perkins has stated an Eighth Amendment claim, so we vacate the judgment in part and remand.

Because the lawsuit was dismissed at screening, *see* 28 U.S.C. § 1915A, for purposes of this appeal we take Perkins's factual allegations as true. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). In August 2015 Perkins told a prison officer, Lieutenant Brian Givens, that he feared for his safety because his cellmate had just threatened him. In response Givens gave Perkins a choice: accept protective custody or segregation. Givens did not warn Perkins that, if he picked segregation, Givens would issue Perkins a disciplinary ticket for refusing his housing assignment. Unaware of the penalty implicit in this option, Perkins chose segregation. Perkins soon realized that he was being disciplined. When he asked Givens about it, Givens said he had already filed the paperwork so it was too late for Perkins to change his mind about segregation. Givens promised that he would explain the situation to the disciplinary hearing officer so that Perkins would be "fine." He then issued Perkins an infraction for refusing his housing assignment, and Perkins received a disciplinary report for disobeying an order. Despite the promise that all would be fine, Perkins spent about 20 days in disciplinary segregation and now has an infraction on his prison record.

Perkins sued Givens and two other officers (whom we briefly discuss later). The district court construed Perkins's complaint as alleging two claims: First Givens responded unreasonably to Perkins's entreaty for protection from his cellmate, in violation of the Eighth Amendment. Second Givens denied Perkins his due process rights by not explaining that if Perkins selected segregation Givens would punish him for defying an order. The district court dismissed the suit before the defendants were served. It concluded that his Eighth Amendment claim failed because Givens offered Perkins two choices to remove himself from danger, which was a reasonable response. No due-process violation occurred, the court continued, because Perkins was not deprived of liberty and because victory for Perkins on the due-process claim would necessarily imply his innocence on the disciplinary charge, which was still intact. (This second reason for dismissing the due-process claim is incorrect. The district court relied on *Edwards v. Balisok*, 520 U.S. 641 (1997), but *Edwards* does not apply to punishment that results only in segregation. *See Muhammad v. Close*, 540 U.S. 749, 754–55 (2004); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006).)

On appeal Perkins argues that the district court erred in dismissing both claims. We begin with the Eighth Amendment claim. To proceed on this claim, Perkins must allege that he was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendants knew of this risk but failed to "take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994); *see also Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016). The threat of harm from other inmates may impose a substantial risk of serious harm. *See, e.g., Gevas*, 798 F.3d at 480; *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Officials may be liable for failing to protect an inmate if they know that the inmate faced a specific threat of harm. *See, e.g., Gevas*, 798 F.3d at 480–81; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Perkins alleged that he told Givens who threatened him (his cellmate) and approximately when the threat was made (shortly before he reported it). He therefore plausibly alleged that Givens had actual knowledge of a specific threat.

The remaining question is whether Perkins has adequately alleged that Givens's response—inducing him to commit an infraction as the price of protection from a threatening cellmate—violated the Eighth Amendment. When faced with similar facts, we recently said "yes." In *Gevas v. McLaughlin*, inmate Gevas told prison officials that his cellmate threatened to stab him. 798 F.3d at 478. One official told Gevas that, if he wanted safety, he could refuse his housing assignment, but he would then receive a disciplinary ticket and move to segregation. *Id.* at 478–79, 482–83. The inmate was told he could argue to a hearing committee that he had a good reason for refusing housing, but that nothing guaranteed that the committee would find in his favor. *Id.* at 479, 483. We concluded that it is unreasonable for a prison official to insist that an inmate "engage in insubordination in order to take himself out of danger." *Id.* at 484.

Givens offered Perkins the same Hobson's choice that we deemed unreasonable in *Gevas*—protection in the form of disciplinary segregation or no protection at all. The district court was correct that Givens gave Perkins a choice that included protective custody, which is a reasonable way to protect an inmate from a threat posed by another prisoner. *See Dale*, 548 F.3d at 570; *Walls v. Tadman*, 762 F.3d 778, 783 (8th Cir. 2014). But the choice was not meaningful because Givens did not alert Perkins to the disciplinary consequences of choosing segregation. And when Perkins tried to switch his choice to protective custody after learning that segregation included a charge of a disciplinary infraction, Givens told Perkins that protective custody was no longer an option. Thus in the end, Givens essentially forced the disciplinary infraction onto Perkins, which under *Gevas* was an unreasonable response to the reported threat.

In allowing this claim to go forward, we repeat that we have assumed that Perkins's allegations are true. Further proceedings are needed to determine if they are correct and whether other circumstances might justify Givens's actions. We also observe that under the Prison Litigation Reform Act, Perkins cannot win compensatory damages unless he can show a physical injury, which he has not alleged. 42 U.S.C. § 1997e(e); *Gray v. Hardy*, 826 F.3d 1000, 1007 (7th Cir. 2016). He may, however, still pursue his request for punitive damages. *See Rasho v. Elyea*, No. 14-1902, 2017 WL 1838173, at *6 (7th Cir. Mar. 7, 2017), *reh'g denied* (May 5, 2017); *Calhoun v. DeTella*, 319 F.3d 936, 941–42 (7th Cir. 2003). He may also seek injunctive relief with regard to the record of the infraction. 18 U.S.C. § 3626(a)(1)(A); *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

Turning to Perkins's due-process argument, we agree with the district court that he failed to state a claim. Perkins argues that due process entitled him to notice that he would be disciplined for choosing segregation. But the right to due process is in play only if Perkins suffered a loss of liberty as a result of segregation. *See Miller v. Dobier*, 634 F.3d 412, 414–15 (7th Cir. 2011). Placement in disciplinary segregation constitutes a loss of liberty when it imposes on the inmate an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), considering both the duration and the conditions of the segregation, *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). But Perkins has not alleged that he faced unusually harsh conditions in segregation, and the duration of segregation was too short, standing alone, to implicate a liberty interest. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (explaining that segregation for six months and one day is insufficient, without more, to show a due process violation); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (same for 90 days). Thus we affirm the dismissal of the due-process claim. Because the other two defendants were relevant only to this claim, the dismissal of them was proper too.

The dismissal of Perkins's deliberate-indifference claim against Givens is VACATED and the case is REMANDED for further proceedings. In all other respects the judgment is AFFIRMED.