**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1634
_____

JEROME MCINTYRE, JR.,
                                        Appellant

v.

LT.  KELLINGER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-01425)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2018
Before:  SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: July 16, 2018)
_____

OPINION*
_____

PER CURIAM

    Jerome McIntyre, Jr., a Pennsylvania state prisoner who is proceeding pro se in

this civil rights action, appeals from an order granting summary judgment in favor of Lt.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Paul Kensinger,[1] dismissing unknown prison officials, and declining to exercise supplemental jurisdiction over state law claims. We will affirm.

On April 22, 2013, McIntyre went to the dining hall at SCI-Rockview to eat his lunch, but realized that he had left his identification in his cell. (Cmplt. ¶ 8). As McIntyre was walking out of the dining hall to return to his cell, he was intercepted by Lt. Kensinger. (Cmplt. ¶¶ 8-11). Lt. Kensinger asked McIntyre where he was going and if he had any contraband on him. (Cmplt. ¶¶ 12-13). After McIntyre indicated that he did not have any contraband, Lt. Kensinger ordered McIntyre to submit to a pat-down search. According to McIntyre, Lt. Kensinger ran his hands down McIntyre's arms, and possibly searched the collar area of his shirt, before "push[ing] [McIntyre's] coat into his waist." (Cmplt. ¶ 16). As Lt. Kensinger continued the pat-down search, "he dragged his hands down [McIntyre's] ass, gripped [McIntyre's] ass, then whispered in a sexual manner, closely in [McIntyre's] ear, saying, 'You got anything in there?'" (Cmplt. ¶ 16). McIntyre alleged that Lt. Kensinger "squeezed [his] ass as if [McIntyre] was a woman." (Cmplt. ¶ 17). Lt. Kensinger then patted McIntyre's thighs, and told him he was free to leave. (Cmplt. ¶ 18). Lt. Kensinger did not find any contraband and did not search McIntyre at any other time. (Cmplt. ¶ 19).

In July 2014, McIntyre filed a civil rights action in the United States District Court for the Middle District of Pennsylvania against Lieutenant Kensinger and unnamed prison officials. He alleged violations of his Eighth Amendment rights and asserted

---

[1] Lieutenant Kensinger is misidentified in the case caption as Lieutenant Kellinger.

various state-law causes of action. At the close of discovery, Lieutenant Kensinger filed a motion for summary judgment, arguing, inter alia, that the incident did not rise to the level of an Eighth Amendment violation.[2] The District Court agreed, stating that "[t]his was an isolated episode of harassment and touching, unaccompanied by other inappropriate behavior and did not violate McIntyre's Eighth Amendment rights." The District Court also concluded that the complaint failed to state claims against the unnamed defendants for conspiring to harm him and for failing to intervene to protect his rights. Finally, because the District Court rejected the claims over which it had original jurisdiction, it declined to exercise supplemental jurisdiction over McIntyre's state law claims.[3] McIntyre timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's order granting summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving

---

[2] McIntyre also filed a motion for summary judgment. But because he failed to file a brief and statement of material facts in support of the motion, see Local Rules 7.1 & 56.1, the District Court deemed it withdrawn and, alternatively, denied it based on McIntyre's assertion that "there are genuine issues of material fact in dispute." We need not, and do not, reach the District Court's reliance on the local rules because, as discussed below, the record shows that McIntyre was not entitled to judgment as a matter of law.

[3] The District Court also denied McIntyre's motion for leave to amend his complaint after determining that doing so would be futile. After reviewing that motion, we are satisfied that the District Court did not abuse its discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We also exercise plenary review of the District Court's dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim, and apply the same standard as we would when reviewing a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We recently recognized that sexual abuse of an inmate by a corrections officer may violate the Eighth Amendment. See Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018). The framework for analyzing such a claim is consisting of subjective and objective components. Id. at 474-75. "That is, the incident must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind." Id. at 475. Although we were "not persuaded that the current standard is zero tolerance for all minor sexualized touching in prison," we concluded that "a single incident, if sufficiently serious or severe, can run afoul of the Eighth Amendment as surely as can multiple, less egregious incidents." Id. at 477.

Here, although McIntyre found the search objectionable, it did not rise to the level of an Eighth Amendment violation. Lieutenant Kensinger had a legitimate penological interest in conducting a pat-down search of McIntyre, who had unexpectedly left the dining hall before eating his lunch. See id. at 476 ("[w]e do not take issue with the focus of the analysis by other courts on whether the official performing the search had a penological purpose."); Florence v. Bd. of Chosen Freeholders, 566 U.S. 318, 328 (2012)

4

("correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities."); Byrd v. Maricopa Cty. Sheriff's Dep't, 629 F.3d 1135, 1152 (9th Cir. 2011) (stating that a "pat-down is done to detect contraband that may be taped to the contours of an inmate's body, including the genital area.") (Smith, J. concurring in part and dissenting in part). Notably, too nothing about McIntyre's allegations suggest that Lieutenant Kensinger intended to gratify his sexual desire or humiliate McIntyre. In this connection, we note that McIntyre's allegations center on a single pat-down search that was performed over his clothing and which did not include his genital area.[4] And Lieutenant Kensinger's legitimate question – "You got anything in there?" – even if delivered in a "sexual manner," did not render the search unconstitutional. See Watison v. Carter, 668 F.3d 1108, 1113-14 (9th Cir. 2012) (upholding dismissal of inmate's claim that guard had violated Eighth Amendment by smiling in "sexual" manner while deliberately brushing his thigh against naked thigh of plaintiff sitting on toilet). Under these circumstances, we conclude that the District Court properly granted summary judgment in favor of the defendants on McIntyre's Eighth Amendment claim.[5]

---

[4] Moreover, McIntyre did not allege that the search occurred in view of other guards or inmates. Cf. Sumpter v. Wayne Cty., 868 F.3d 473, 483 (6th Cir. 2017) (stating that the "intrusion [was] only magnified by the fact that plaintiff was exposed to several other inmates during each search."); cf. Calhoun v. DeTella, 319 F.3d 936, 940 (7th Cir. 2003) (reversing dismissal of complaint where male prisoner alleged that defendants subjected him to sexually humiliating strip searches in the presence of female guards who were there as spectators).

[5] Throughout his brief, McIntyre asserts that video evidence will demonstrate that Lieutenant Kensinger actions violated the Eighth Amendment. There is no indication

The disposition of McIntyre's other claims was also proper. Contrary to McIntyre's belief, liability under 42 U.S.C. § 1983 cannot be based solely on a theory of supervisory liability. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, McIntyre's vague allegations against unnamed defendants failed to state plausible claims for conspiracy and failure to intervene. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178-79 (3d Cir. 2010); Harper v. Albert, 400 F.3d 1052, 1066 (7th Cir. 2005). Finally, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over McIntyre's state law claims. See Edelstein v. Wilentz, 812 F.2d 128 (3d Cir. 1987).

For the foregoing reasons, we will affirm the judgment of the District Court.[6]

---

that such video evidence exists, and McIntyre fails to explain how the video evidence contributes to his factual allegations, which we have already viewed in the light most favorable to him.

[6] McIntyre's motions for extension of time to file his reply brief are denied.