RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0173p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

MIAMI-LUKEN, INC.,

           *Petitioner*,

   v.

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,

           *Respondent*.

> No. 17-3614

───────────────

On Petition for Review from the United States Drug Enforcement Administration;
No. 16-13.

Argued: May 4, 2018

Decided and Filed: August 17, 2018

Before: CLAY, STRANCH, and LARSEN, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Jennifer D. Armstrong, MCDONALD HOPKINS, LLC, Cleveland, Ohio, for Petitioner. Peter J. Phipps, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Jennifer D. Armstrong, Richard H. Blake, MCDONALD HOPKINS, LLC, Cleveland, Ohio, for Petitioner. Peter J. Phipps, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

## OPINION

───────────────

LARSEN, Circuit Judge. The Acting Administrator of the Drug Enforcement Administration (DEA) issued an order purporting to quash an administrative subpoena issued to the agency by one of its own administrative law judges. The order to quash came at a remarkable time—after a federal district court had ordered the agency to comply with the

subpoena.  The parties dispute the Administrator's authority to issue the order.  We lack authority to resolve the matter, however, because the Administrator's order was not a "final decision" within the meaning of 21 U.S.C. § 877.  Accordingly, we DISMISS the petition for review for lack of jurisdiction.

I.

Miami-Luken, Inc., is a registered controlled substances pharmaceutical wholesaler.  On November 23, 2015, the DEA ordered Miami-Luken to show cause why its registration should not be revoked, accusing the company of failing to maintain effective controls against the diversion of oxycodone and hydrocodone and failing to disclose suspicious orders thereof.  During the adjudicatory hearing in front of the Chief Administrative Law Judge (ALJ), Miami-Luken requested that the ALJ issue a subpoena requiring the DEA to produce various documents.  The ALJ granted the motion in part and ordered the DEA to produce the following categories of documents:

> (2) all records, including investigative reports, regarding routine audits and/or cyclic investigations conducted by the Government towards Respondent from 2008–present, along with Government comments, communications (both oral and written), and all notifications of any kind directed at Respondent, its agents, employees, and representatives in relation to such reports, audits, and investigations;
>
> (3) all records regarding briefings provided by DEA Headquarters and/or DEA local office-personnel as part of the DEA's Distributor Initiative; and
>
> (4) all records, including investigative reports, from 2008–present, documenting that Respondent violated the applicable controlled substances laws and regulations, including but not limited to documents related to suspicious orders and all records, including investigative reports, to evidence that Respondent's conduct created the potential for the diversion of controlled substances.

The DEA objected to the breadth of the subpoena and moved for reconsideration or, in the alternative, to certify the question for interlocutory appeal to the Administrator pursuant to 21 C.F.R. § 1316.62.  When the ALJ denied both requests, the DEA immediately filed a notice declaring that it would not comply with the subpoena.

In response, Miami-Luken filed an emergency motion to enforce the ALJ's subpoena in district court.  On April 21, 2017, over the DEA's objection, the district court adopted the

magistrate's recommendation to enforce the subpoena in part. *See Miami-Luken, Inc. v. U.S. Dep't of Justice, Drug Enf't Admin.*, No. 1:16-mc-00012 (S.D. Ohio April 21, 2017) (order). In doing so, the district court eliminated one category of subpoenaed documents, narrowed another, and permitted the DEA "to provide Miami-Luken with reasonably redacted versions" to account for its concern that "there may be sensitive information in the investigative reports not relevant to the findings as they relate to Miami-Luken."

On May 12, 2017, the Administrator determined that the district court's enforcement order, by permitting the DEA to make reasonable redactions to the documents, also permitted the DEA to review the validity of the subpoena itself. Reviewing the subpoena, the Administrator found that the requested categories of documents were not "necessary to conduct" the hearing as would be required for disclosure under 21 C.F.R. § 1316.52(d) and, therefore, ordered the subpoena quashed. The efficacy of this DEA order is at the root of all subsequent litigation.

On the basis of its own order, the DEA moved to stay the district court's April 21 order enforcing the subpoena pending further judicial review. On May 16, 2017, the district court granted the DEA's motion to stay. Shortly thereafter, the DEA filed in the district court a motion for relief from judgment under Fed. R. Civ. P. 60(b)(5).

Miami-Luken then initiated the case before us, petitioning this court to review directly the DEA's order quashing the subpoena. While this case was pending here, the district court ruled on the DEA's 60(b) motion in the separate litigation. The DEA had argued that, because the Administrator's order had quashed the subpoena at issue, the district court's April 21 order enforcing the subpoena was no longer equitable. The magistrate disagreed, reasoning that:

> the key here is that review of this Court's Orders is appropriate only by an appellate court. An agency that has been directed to comply with a district court's order has no authority to simply disregard it through use of a procedural end-run. The DEA's Rule 60(b)(5) motion in this case must be denied because it is based upon a fundamentally untenable procedure, whereby the DEA Administrator created its own "changed circumstance" by "quashing" an Order that already had been determined by this Court to be valid and enforceable, rather than either choosing to comply with this Court's Order or to file a further appeal.

The magistrate elaborated:

> To the extent that the DEA Administrator continued to object to complying with the Court's Order, his recourse was to file an appeal with the Sixth Circuit Court of Appeals. After this Court entered its Order, the DEA had no authority to re-determine issues previously reviewed and determined by this Court. The only discretion expressly given to the DEA by this Court was to implement "reasonabl[e]" redactions of "sensitive information in . . . investigative reports not relevant to the [DEA's] findings as they relate to Miami-Luken—for example, investigatory techniques." Nothing in this Court's Order permitted the DEA Administrator to set aside the subpoena, as if this Court's rulings were of no effect.

(Internal citations omitted.) On October 24, 2017, the district court adopted the magistrate's recommendation and denied the DEA's motion for relief from judgment.

Despite its success in the separate litigation, Miami-Luken has not withdrawn its petition asking this court to set aside the Administrator's order purporting to quash the subpoena. The petition for review argues that the Administrator's order flouted the agency's own rules and the district court's April 21 order. Before we can analyze the merits of Miami-Luken's claim, however, we must determine whether we have jurisdiction over its petition.[1]

## II.

We have jurisdiction to review "final decision[s]" of the DEA. 21 U.S.C. § 877. Here, the Administrator issued an order purporting to quash what is essentially a discovery decision by an ALJ in an ongoing administrative proceeding. That the underlying matter—whether to revoke Miami-Luken's registration—persists is key to our determination that we lack jurisdiction to review directly the Administrator's order. The Administrator's decision regarding a subpoena during an ongoing agency adjudication is not "a final decision" within the meaning of the statute. *Id.*

---

[1]Given the district court's denial of the Administrator's 60(b) motion in the separate litigation, it is unclear what further relief Miami-Luken seeks in our court. The DEA does not suggest, however, that Miami-Luken's petition for review is moot but does argue that its own order was not "a final decision" under 21 U.S.C. § 877. We agree and hold that we do not have jurisdiction over Miami-Luken's petition. We need not decide, therefore, whether another jurisdictional hurdle also precludes our review. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999).

This is confirmed by the Supreme Court's interpretation of nearly identical statutory language governing our appellate jurisdiction over district court decisions. Congress has given this court "jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "A final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 659 (6th Cir. 2013) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). The Supreme Court has instructed that a district court's decision as to a discovery issue is generally not a "final decision[]" under 28 U.S.C. § 1291.[2] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009); *see also* Wright & Miller § 3914.23 ("[T]he rule remains settled that most discovery rulings are not final."). Instead, appellate review of a district court's discovery ruling is available, pursuant to § 1291, after the final judgment.[3] *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006) ("Discovery orders generally are not final decisions and cannot be reviewed unless the trial court enters a final judgment disposing of all claims." (citation omitted)); *see, e.g.*, *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (reviewing denial of discovery request after judgment).

Miami-Luken has provided no convincing reason to think that Congress's choice of the term "final decision" in § 877 should bear a meaning different than that of the identical term in § 1291. Instead, it argues that "appellate courts have jurisdiction over district court enforcement orders of administrative subpoenas inasmuch as they are 'final orders.'" With this we do not quarrel. When a district court enforces a subpoena issued in the context of an ongoing administrative proceeding, the district court has issued a "final decision." In such a case, the district court has fully resolved the only question before it, "leav[ing] nothing for the court to do but execute the judgment." *Catlin*, 324 U.S. at 233 (citation omitted); *see Doe v. United States*, 253 F.3d 256, 261 (6th Cir. 2001) ("In the case of administrative subpoenas, parties may immediately appeal district court orders enforcing these subpoenas, as the Supreme Court has

---

[2]To the extent there are exceptions to this rule, neither party argues for their relevance here. *See* 15B Charles Alan Wright, Arthur R. Miller & Edward C. Cooper, *Federal Practice and Procedure* § 2006 (2d ed.) [hereinafter Wright & Miller].

[3]Likewise, the DEA concedes that Miami-Luken would be able to challenge the Administrator's order purporting to quash the subpoena if, at the end of the agency adjudication, its registration were revoked.

deemed them to be 'self-contained, so far as the judiciary is concerned.'" (quoting *Cobbledick v. United States*, 309 U.S. 323, 330 (1940))).   But here we have not been asked to review the *district court's* order enforcing in part the ALJ's subpoena.   Neither party has appealed that ruling.   Instead, we have been asked to review directly the *Administrator's* order purporting to quash the subpoena.   The logic of the cases Miami-Luken cites supports reading the term "final decision" in § 877 to preclude, not permit, our review of the Administrator's order while the administrative proceeding to determine Miami-Luken's registration status remains ongoing.   Thus, just as a district court's discovery decision is not generally a final decision within the meaning of § 1291, neither was the DEA's order here a final decision within the meaning of § 877.**[4]**

Finally, we reject Miami-Luken's argument that the fact that the DEA's order was issued by the DEA Acting Administrator changes the analysis.   Interlocutory decisions are just that—interlocutory.   They are not rendered final merely because the decision is made by an agency's highest authority.   The administrative proceeding regarding whether to revoke Miami-Luken's registration is ongoing.   The Administrator's decision on what is essentially a discovery matter in that ongoing adjudication is not a "final decision" under 21 U.S.C. § 877.   *See Bennett*, 520 U.S. at 177–78 (noting that, to be final, an agency action "must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or *interlocutory* nature" (emphasis added) (internal quotation marks and citation omitted)).

---

**[4]**Our view of the application of § 877 is bolstered by the Supreme Court's analysis of the Administrative Procedure Act (APA), which provides for review of "final agency action."   5 U.S.C. § 704; *see John Doe, Inc. v. Drug Enf't Admin.*, 484 F.3d 561, 566 n.4 (D.C. Cir. 2007) ("[T]he cases applying the final aspect of the APA guide us in construing finality under 21 U.S.C. § 877.").   The Supreme Court has stated:

> As a general matter, two conditions must be satisfied for agency action to be "final":   First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature.   And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal citations and quotation marks omitted).   Neither condition is met here.   The Administrator's action, quashing a subpoena in the midst of an ongoing administrative proceeding, is interlocutory.   And the order neither imposed any duties on Miami-Luken nor "determined" its "rights and obligations" with respect to its registration.   *See Berry v. U.S. Dep't of Labor*, 832 F.3d 627, 633–34 (6th Cir. 2016).

* * *

We, therefore, DISMISS Miami-Luken's petition for review of the DEA's order for lack of jurisdiction.