RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0023p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
───────────────

MICHELE L. RAFFERTY,

*Plaintiff*,

KATIE L. SHERMAN,

*Plaintiff-Appellee*,

*v.*

TRUMBULL COUNTY, OHIO, et al.,

*Defendants*,

CHARLES E. DRENNEN, individually and in his professional capacity,

*Defendant-Appellant*.

┐
│
│
│
> No. 17-4223
│
│
│
┘

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:16-cv-00430—Benita Y. Pearson, District Judge.

Argued: December 4, 2018

Decided and Filed: February 15, 2019

Before: CLAY, McKEAGUE, and BUSH, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Angelica M. Jarmusz, FISHEL HASS KIM ALBRECHT DOWNEY, LLP, New Albany, Ohio, for Appellant. Sarah Thomas Kovoor, Warren, Ohio, for Appellee. **ON BRIEF:** Angelica M. Jarmusz, Daniel T. Downey, FISHEL HASS KIM ALBRECHT DOWNEY, LLP, New Albany, Ohio, for Appellant. Sarah Thomas Kovoor, Warren, Ohio, for Appellee. Lauren M. Weinstein, MOLOLAMKEN LLP, Washington, D.C., Jay R. Schweikert, CATO INSTITUTE, Washington, D.C., for Amici Curiae.

---

**OPINION**

---

CLAY, Circuit Judge.   Defendant Charles Drennen appeals the decision of the district court denying him summary judgment on Plaintiff Katie Sherman's Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983.   For the reasons stated below, this Court **AFFIRMS** the district court.

## I. BACKGROUND

### A. Factual History

Sherman was incarcerated at the Trumbull County Jail from November 18, 2013 to April 30, 2014.   During Sherman's incarceration, Drennen worked at the Trumbull County Jail as a corrections officer.   Drennen was regularly assigned to patrol the pod where Sherman lived with Michele Rafferty, another female inmate.

Between February 1, 2014 and Sherman's release on April 30, 2014, Drennen demanded that Sherman expose her breasts for him to view on three or four occasions.   Sherman complied with Drennen's demands.   On one or two occasions, Sherman masturbated in Drennen's presence "because he asked for it."   (Sherman Dep., R. 102 at PageID #705.)

Sherman does not allege that Drennen ever touched her.   And Drennen never explicitly threatened Sherman.   But Sherman was deeply disturbed by Drennen's demands.   As a result of Drennen's abuse, Sherman's post-traumatic stress disorder worsened and her night terrors and flashbacks increased in severity.

Sherman never reported Drennen to anyone in the Trumbull County Jail administration because she felt intimidated by him; she "didn't know what to expect" if she refused his demands.   (*Id.* at PageID #716.)

**B. Procedural History**

Sherman and Rafferty sued Drennen and various officials from Trumbull County (together "Defendants"), alleging Fourth Amendment and Eighth Amendment claims against Drennen and *Monell* claims against the Trumbull County officials. Defendants moved for summary judgment on all claims. The district court granted summary judgment in favor of Defendants on every claim except for Sherman's Eighth Amendment claim against Drennen, finding that Drennen was not entitled to qualified immunity on that claim. Drennen appealed the district court's decision.[1]

## II. DISCUSSION

**A. Jurisdiction**

"Congress has given this court 'jurisdiction of appeals from all final decisions of the district courts.'" *Miami-Luken, Inc. v. U.S. Drug Enf't Admin.*, 900 F.3d 738, 741 (6th Cir. 2018) (quoting 28 U.S.C. § 1291). "[A] denial of summary judgment is generally not a final judgment." *Devlin v. Kalm*, 630 F. App'x 534, 541 (6th Cir. 2015) (internal quotation marks omitted) (quoting *Hoover v. Radabaugh*, 307 F.3d 460, 465 (6th Cir. 2002)). "However, under the collateral-order doctrine[,] 'a limited set of district-court orders are reviewable' even though they are 'short of final judgment.'" *Peatross v. City of Memphis*, 818 F.3d 233, 239 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009)). A district court order denying qualified immunity is immediately appealable under the collateral order doctrine. *Brown v. Chapman*, 814 F.3d 436, 443–44 (6th Cir. 2016) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–529 (1985)). But this jurisdiction is limited; "circuit courts can review a denial of qualified immunity only 'to the extent that it turns on an issue of law'—the appeal cannot be from a district court's determination that there is a genuine dispute of material fact." *Chapman*,

---

[1]In her Response Brief, Sherman argues that Drennen violated her right to bodily integrity. Sherman does not explain where this right to bodily integrity originates. The case that Sherman relies on, *Doe v. Claiborne Cty.*, 103 F.3d 495 (6th Cir. 1996), involves a Fourteenth Amendment claim under the substantive component of the Due Process Clause. Accordingly, it appears that Sherman attempts to assert a Fourteenth Amendment substantive due process claim. But the district court dismissed all claims except for Sherman's Eighth Amendment claim against Drennen. And this appeal only concerns the remaining Eighth Amendment claim. Therefore, the Court will not consider Sherman's Fourteenth Amendment argument.

814 F.3d at 444 (quoting *Forsyth*, 472 U.S. at 530). Accordingly, a defendant challenging a district court's denial of his motion for summary judgment based on qualified immunity must "concede the most favorable view of the facts to the plaintiff for purposes of the appeal." *Baker v. Union Twp.*, 587 F. App'x 229, 232 (6th Cir. 2014) (quoting *Moldowan v. City of Warren*, 578 F.3d 351, 370 (6th Cir. 2009)).

Drennen "concede[s] the most favorable view of the facts to Ms. Sherman for the purposes of this interlocutory appeal." (Def. Br. at 4.) Therefore, this Court has jurisdiction under the collateral order doctrine. *See Baker*, 587 F. App'x at 232.

### B. Standard of Review

"We review de novo a district court's denial of a defendant's motion for summary judgment on qualified immunity grounds." *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 565 (6th Cir. 2013) (citing *Tucker v. City of Richmond*, 388 F.3d 216, 219 (6th Cir. 2004)).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (quoting *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002)). When evaluating a motion for summary judgment, the court must "view[] [the evidence] in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation omitted). Further, "all reasonable inferences must be made in favor of the non-moving party." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000)). The moving party bears the burden of showing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986).

**C. Analysis**

**1. Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As the Supreme Court has explained, "[q]ualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.*

"The qualified immunity analysis entails two general steps, which can be considered in any order." *Godawa v. Byrd*, 798 F.3d 457, 462–63 (6th Cir. 2015) (citing *Pearson*, 555 U.S. at 236). "First, taken in the light most favorable to the party asserting the injury, do the facts alleged show that the officer's conduct violated a constitutional right? Second, is the right clearly established?" *Seales v. City of Detroit*, 724 F. App'x 356, 359 (6th Cir. 2018) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)). "To qualify as clearly established, [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Kindl v. City of Berkley*, 798 F.3d 391, 398 (6th Cir. 2015) (alteration in original) (internal quotation marks omitted) (quoting *Brown v. Lewis*, 779 F.3d 401, 412 (6th Cir. 2015)).

"[T]he plaintiff bears the burden of showing that an officer is not entitled to the defense of qualified immunity." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) (citing *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015)).

**2. Eighth Amendment**

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the unnecessary and wanton infliction of pain." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (quoting *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011)). The Supreme Court has explained that "[a]mong 'unnecessary and wanton' inflictions of

pain are those that are 'totally without penological justification.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). "However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) (internal citation omitted).

"To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993)).

"The objective component requires the pain inflicted to be 'sufficiently serious.'" *Curtin*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). As the Supreme Court has stated, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 9). Rather, the Eighth Amendment protects prisoners only from that conduct which is "repugnant to the conscience of mankind." *Id.* at 38 (quoting *Hudson*, 503 U.S. at 9–10). The objective component of the Eighth Amendment "is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.'" *Curtin*, 631 F.3d at 383 (quoting *Hudson*, 503 U.S. at 8–9). This Court has held that the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Kent v. Johnson*, 821 F.2d 1220, 1227 (6th Cir. 1987) (quoting *Rhodes*, 452 U.S. at 345–46). Thus, courts should interpret the Eighth Amendment "in a flexible and dynamic manner." *Id.* (quoting *Rhodes*, 452 U.S. at 345).

The subjective component requires that the prison official act with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297). This "requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Id.* (quoting *Wilson*, 501 U.S. at 297). In some instances, the subjective prong of an Eighth Amendment claim is satisfied by a showing of deliberate indifference, such as in cases concerning medical care, conditions of confinement, or abuse perpetrated by an inmate against another inmate. *See e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) and *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (medical care); *Wilson*, 501 U.S. at 303 and *Villegas*, 709 F.3d at 571 (conditions of

confinement); *Farmer*, 511 U.S. at 834 and *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (abuse perpetrated by an inmate against another inmate).  In other contexts, such as when a prisoner alleges excessive force, the subjective component requires a heightened showing that the prison official acted "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)); *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Hudson*, 503 U.S. at 9).

### 3. Qualified Immunity Does Not Protect Drennen from Sherman's Eighth Amendment Claim

#### i. Drennen Violated Sherman's Eighth Amendment Rights

Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment.  This is true whether the sexual abuse is perpetrated by other inmates, *see e.g.*, *Farmer*, 511 U.S. at 848–49 and *Hackel*, 636 F.3d at 761, or by guards, *see e.g.*, *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (reversing district court's entry of summary judgment for guard when the plaintiff presented evidence that guard "gratuitously fondl[ed]" the plaintiff's penis and testicles during a search); *Calhoun v. DeTella*, 319 F.3d 936, 939–40 (7th Cir. 2003) (holding that male prisoner stated an Eighth Amendment claim when he alleged that corrections officers "forced him to perform sexually provocative acts" during a strip search conducted in the presence of female guards); *Daskalea v. District of Columbia*, 227 F.3d 433, 439–41, 443 (D.C. Cir. 2000) (finding an Eighth Amendment violation when corrections officer forced inmate to perform drunken striptease); *Schwenk v. Hartford*, 204 F.3d 1187, 1198 (9th Cir. 2000) (holding that inmate's evidence that guard sexually assaulted her was sufficient to prove an Eighth Amendment claim); *Kent*, 821 F.2d at 1228 (holding that inmate stated an Eighth Amendment claim when he alleged that female guards regularly watched him shower for extended periods of time); *Lee v. Downs*, 641 F.2d 1117, 1119 (4th Cir. 1981) (affirming jury's finding that prison officials violated the Eighth Amendment by forcing inmate to remove her undergarments in the presence of male officers when she offered to voluntarily remove her clothes if the male guards gave her privacy).

In light of this well-established precedent, the Court finds that Sherman has satisfied the objective component of her Eighth Amendment claim.  Drennen's repeated demands that

Sherman expose her breasts and masturbate are "sufficiently serious" to implicate the Eighth Amendment under settled case law from the Supreme Court, this Circuit, and numerous other courts of appeals. It is true that this Court has held that "isolated, brief, and not severe" instances of sexual harassment do not give rise to Eighth Amendment violations. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)). But Drennen's sexual abuse was not "isolated, brief, and not severe"—Sherman alleges that Drennen demanded that she engage in sexual conduct on up to six occasions. This distinguishes Drennen's alleged actions from cases where this Circuit has held that less-severe episodes of sexual harassment did not rise to the level of an Eighth Amendment violation.[2]

Drennen argues that he did not violate the Eighth Amendment because he did not physically touch Sherman. But this Court held nearly three decades ago that sexual abuse of inmates can violate the Eighth Amendment even in the absence of physical touching by a corrections officer. *See Kent*, 821 F.2d at 1228 (unobstructed views of inmates showering). Other courts of appeals have reached the same conclusion. *See e.g.*, *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (homophobic epithets); *DeTella*, 319 F.3d at 939 (ribald comments); *Daskalea*, 227 F.3d at 439–41 (forced striptease). Furthermore, the abuse alleged to have occurred in this case did not merely consist of words. It also entailed forced sexual acts. The fact that Drennen effectuated this sexual abuse by ordering Sherman to expose her breasts and

---

[2]Drennen cites several cases to support his argument that his conduct failed to reach the requisite level of severity. But Drennen's conduct was more severe and/or pervasive than the conduct at issue in the cases that he cites. *See e.g.*, *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206 (6th Cir. Mar. 31, 2017) (unpublished) (nurse exposed his buttocks to inmate); *Ragland v. City of St. Louis*, No. 12-1334, 2013 U.S. App. LEXIS 14686 (6th Cir. Feb. 11, 2013) (unpublished) (one instance of sexual touching); *Madery*, 158 F. App'x at 662 (unpublished) (one instance of sexual touching); *Violett v. Reynolds*, 76 F. App'x 24 (6th Cir. 2003) (unpublished) (offering sexual favors to inmate); *Johnson v. Ward*, 215 F.3d 1326 (6th Cir. 2000) (unpublished) (one instance of sexual touching and one sexual remark). Furthermore, these cases are unpublished and therefore not binding on the Court. *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017) (citing *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002)).

Drennen also relies on *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997). In that case, the Second Circuit held that the plaintiff failed to state an Eighth Amendment claim when he alleged that a guard squeezed his penis, made lewd comments, and pinned him to the door in a sexual manner. *Schnieder*, 105 F.3d at 860–61. But Drennen fails to mention that the Second Circuit subsequently pronounced that "the officer's conduct in *Boddie* would flunk its own test today." *Crawford v. Cuomo*, 796 F.3d 252, 260 (2d Cir. 2015) (explaining that "conduct that might not have been seen to rise to the severity of an Eighth Amendment violation 18 years ago may now violate community standards of decency").

masturbate, rather than by touching Sherman himself, does not change the fact that Sherman was repeatedly required to engage in sexual acts against her will.

Drennen also argues that he did not violate the Eighth Amendment because Sherman consented to his sexual advances. This argument fails. First, as Drennen acknowledges, "inmates are generally regarded as unable to consent to sexual relations with prison staff." (Def. Br. at 17.) *See e.g.*, *Wood v. Beauclair*, 692 F.3d 1041, 1047–49 (9th Cir. 2012) (explaining that "[t]he power dynamics between prisoners and guards make it difficult to discern consent from coercion," acknowledging "the coercive nature of sexual relations in the prison environment," and holding that "when a prisoner alleges sexual abuse by a prison guard . . . the prisoner is entitled to a [rebuttable] presumption that the conduct was not consensual.") Second, there is a disputed issue of material fact about whether Sherman consented. Sherman states that she only complied because Drennen "intimidated" her. (Sherman Dep., R. 102 at PageID #716.) At this stage, the Court must view the evidence in the light most favorable to Sherman. *See Matsushita*, 475 U.S. at 587. Thus, the Court cannot conclude that Sherman consented. *See id.*

Sherman has also satisfied the subjective component of her Eighth Amendment claim. This Court has not determined whether deliberate indifference or the heightened malice standard is required to satisfy the subjective component of an Eighth Amendment claim alleging sexual abuse by a prison guard. But the Court need not resolve this issue at present; Sherman prevails regardless of whether malice or the less-stringent deliberate indifference standard applies. Obviously, Drennan could not conceivably offer a legitimate penological justification for his repeated demands that Sherman expose herself and masturbate against her will. Thus, a jury could conclude that Drennen acted with deliberate indifference or acted maliciously and sadistically for the purpose of causing her harm.

Having concluded that Sherman established her Eighth Amendment claim for the purposes of summary judgment, the Court will consider whether Sherman's Eighth Amendment rights were clearly established. As explained below, the Court finds that they were.

### ii. Sherman's Eighth Amendment Rights Were Clearly Established

When Drennen made his sexual demands towards Sherman in early 2014, it was clearly established that sexual abuse of prisoners could rise to the level of an Eighth Amendment violation. *See e.g.*, *Farmer*, 511 U.S. at 848–49; *Hively*, 695 F.3d at 642; *Hackel*, 636 F.3d at 761; *DeTella*, 319 F.3d at 939–40; *Daskalea*, 227 F.3d at 439–41; *Schwenk*, 204 F.3d at 1194; *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997); *Kent*, 821 F.2d at 1228; *Downs*, 641 F.2d at 1119. Further, it was clearly established that sexual abuse could be sufficiently severe to implicate the Eighth Amendment even in the absence of physical touching by a guard. *See Kent*, 821 F.2d at 1228; *DeTella*, 319 F.3d at 939–40; *Daskalea*, 227 F.3d at 439–41. Accordingly, when Drennen allegedly sexually abused Sherman, it was clearly established that such abuse could violate the objective prong of the Eighth Amendment.

Furthermore, it was clearly established in 2014 that ignoring known risks of harm to an inmate due to inadequate medical care, inhumane conditions of confinement, or abuse by another inmate could constitute deliberate indifference. *See e.g.*, *Estelle*, 429 U.S. at 103–04 and *Krisher*, 865 F.3d at 367 (medical care); *Wilson*, 501 U.S. at 303 and *Villegas*, 709 F.3d at 571 (conditions of confinement); *Farmer*, 511 U.S. at 834 and *Hackel*, 636 F.3d at 766 (abuse perpetrated by an inmate against another inmate). It was also clearly established that using unnecessary force against an inmate could support a finding of malice. *See e.g.*, *Hudson*, 503 U.S. at 6 and *McKinney*, 759 F.3d at 580. A jury could conclude that Drennen's alleged conduct violates either standard. Accordingly, it was clearly established that Drennen's alleged conduct could violate the subjective component of the Eighth Amendment.

Drennen argues that Sherman's Eighth Amendment rights were not clearly established because Sherman failed to identify a case with sufficiently analogous facts. But the Supreme Court "do[es] not require a case directly on point [if] existing precedent [has] placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). Instead, the operative inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (citation omitted). Based on the settled precedent that existed in 2014, a reasonable officer should have known that making repeated sexual demands of an inmate could

violate the Eighth Amendment.  Therefore, the fact that Sherman failed to identify a case with completely analogous facts does not entitle Drennen to qualified immunity.  *See id.*

In sum, a reasonable officer in Drennen's position would have known that repeatedly ordering Sherman to expose her breasts and masturbate in his presence could violate her Eighth Amendment rights.  Therefore, Drennen is not entitled to qualified immunity.  *See id.*

### III.  CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the district court.